WILSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 40. Submitted under sec. (Rule) 251.54 February 1, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 508.)

For the plaintiff in error the cause was submitted on the brief of *Anthony K. Karpowitz,* Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Betty R. Brown,* assistant attorney general.

HALLOWS, C. J.   The sole contention raised by Wilson is that he was not duly convicted of the crime of burglary because the trial court allegedly failed upon the record to accept his plea, to make a finding of its voluntariness and of guilt, to examine the evidence to insure the integrity of the guilty plea, and to pronounce judgment. Thus, argues Wilson, since he was not duly convicted, the probation revocation and subsequent sentence are void and he is free to withdraw his plea. This argument does not seem to us to be logical. If the probation and sentence are not valid, the case is back to a point in time when Wilson offered a plea of guilty and there is no showing why that offer should not now be accepted. Under these facts, the withdrawal of a plea of guilty is not a matter of right. And while the withdrawal of such a plea should be easier before sentencing than after, factually that is not the case before us. The fact Wilson claims he was not duly convicted does not bring him within the rule of a "violation of a relevant constitutional right." *Creighbaum v. State* (1967), 35 Wis. 2d 17, 150 N. W. 2d 494.

There is serious question whether the procedure for withdrawing a plea of guilty may be used to raise some of the questions sought to be raised by Wilson. Most of the arguments do not go to the integrity of the plea with the exception of the alleged failure to make a finding of voluntariness of the plea.

Wilson relies on *Spiller v. State* (1971), 49 Wis. 2d 372, 182 N. W. 2d 242, as this case is governed by the law existing prior to the new procedural code, sec. 967.01, Stats., *et seq*. In *Spiller* this court stated that neither sub. (1) nor sub. (2) of sec. 959.01, Stats. 1967, required a formal judgment of conviction and that the acceptance by the trial court of the jury's verdict of guilty was tantamount to the pronouncement of Spiller's legal status of having been convicted, which was necessary to ground

a sentence. This case was followed in *Kelley v. State* (1972), 54 Wis. 2d 475, 195 N. W. 2d 457.

In the instant case, Judge PRUSS did not formally make some of the findings pointed out by Wilson, but it is clear from the record that when Wilson offered his plea of guilty the court made inquiries of him concerning his education, general comprehension, understanding of the nature of the crime with which he was charged and the potential punishment upon conviction, and any promises or threats which may have been made to him. The court explained to Wilson the various constitutional rights which are waived by a plea of guilty. The court also went into facts which could satisfy him the defendant had in fact committed the crime charged and there was a factual basis for the plea.

It must be noted Wilson was represented by counsel and had made a plea bargain with the district attorney which was disclosed to the court by Wilson when questioned by the judge. Cases involving a plea bargain where the defendant is represented by counsel stand on a somewhat different basis than those where the defendant pleads guilty without an agreement or waives counsel and pleads guilty. A plea bargain is not usually reached without the defendant's being fully cognizant of the facts and believing the evidence against him to be sufficient to prove his guilt to the charge. This is one of the reasons this court has required plea bargains to be placed openly upon the record. *See State ex rel. White v. Gray,* ante, p. 17, 203 N. W. 2d 638; *see also: Austin v. State* (1971), 49 Wis. 2d 727, 183 N. W. 2d 56; and the concurring opinion in *Farrar v. State* (1971), 52 Wis. 2d 651, 191 N. W. 2d 214.

As we read the record, the trial court covered the areas required by *State ex rel. Burnett v. Burke* (1964), 22 Wis. 2d 486, 126 N. W. 2d 91, and *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. Near the conclusion

of the inquiries directed to voluntariness of the plea, the judge again asked defense counsel what the plea was. Counsel stated, "Guilty." The court responded, "Guilty," and asked the district attorney if he had any testimony to put in. We think this pronouncement by the court under the circumstances constituted a finding of the voluntariness of the plea, an acceptance of the plea, and a finding of guilt. While the record cannot reflect the intonation or the inflection of the word "guilty" when pronounced by the trial judge, it is quite obvious he, the district attorney, Wilson, his attorney, and the clerk all took that statement to be a pronouncement of the guilty status of Wilson. This is fortified by the fact that while the transcript of the proceedings reveals only this statement during the interrogations by the court, the judgment roll prepared by the clerk and signed by the court recites that "Upon the defendant's plea of guilty, the court did find the defendant guilty as charged in the information." The court signed the judgment of conviction in which it adjudged the defendant had been convicted upon his plea of guilty. This pronouncement is further fortified by the fact the district attorney made the sentencing recommendations promised in the plea agreement, which was explained in part by defense counsel, and at the subsequent probation revocation hearing neither the defendant nor his attorney challenged the validity of the conviction or in any way claimed the court had not accepted the defendant's plea of guilty and had not found him guilty thereon.

In the past, several attacks have been made upon the court's failure to make an oral pronouncement of guilt. In *In re Carlson* (1922), 176 Wis. 538, 186 N. W. 722, relief was denied despite the fact the record did not show that the trial court, after entry of a plea of guilty, either formally accepted that plea or found the defendant to be guilty of any specific offense prior to sentencing. In

*State v. Dowling* (1931), 205 Wis. 314, 237 N. W. 98, the court omitted a formal finding of the defendant's guilt to a specific offense and we stated this was not reversible error. *See also: Spiller v. State, supra,* and *Kelley v. State, supra.*

But it is argued the court did not examine evidence to insure the integrity of the guilt process and did not pronounce judgment. The placing of the defendant upon probation for two years on a condition of making restitution was a pronouncement of the judgment of sentencing. While it is better practice not to have the plea of guilty entered until the integrity of the plea is ascertained and the plea accepted, the entry of the plea by the clerk, as here, was subject to the court's subsequent acceptance. Putting in evidence generally hearsay is not for the purpose of proof but to inform the court so it can determine whether the defendant could be guilty as charged and whether the evidence constitutes the crime charged. When the trial court asked the district attorney to make a statement of what the charge was, the district attorney stated it was for burglary on February 18, 1970; that Wilson with his brother entered a laundromat on West State Street in Milwaukee without the consent of the person in lawful possession with the intent to steal and the amount involved was $170. The court then asked defense counsel what he had to say and on behalf of his client he stated he had nothing to say and waived all the testimony the district attorney might want to put in. It is argued a defense attorney cannot waive the inquiry by the trial court of the facts relating to the integrity of the guilty plea. Again, on a negotiated plea, the court need not go to the same length to determine whether the facts would sustain the charge as it would when there is no negotiated plea of guilty. What the district attorney stated was sufficient to establish the crime of burglary; and in view of the prior inquiries of the court to

Wilson concerning the nature of the charge (which Wilson said he understood) and the negotiated plea, the evidence disclosed was sufficient for the trial judge to determine for himself that a factual basis for the plea existed.

In this case, we do not find any manifest injustice which is the ground for withdrawal of a plea. *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9; *Martinkoski v. State* (1971), 51 Wis. 2d 237, 186 N. W. 2d 302; *Burkhalter v. State* (1971), 52 Wis. 2d 413, 190 N. W. 2d 502. Wilson received exactly what he bargained for and it is only after he breached his probation that he raised questions which he hoped would allow him to withdraw his plea and start over. In a late withdrawal of a plea, great injustice may be done by the loss of evidence not only to the defendant but to the state; such motions lose a great deal of force and persuasiveness by the passage of time. Nevertheless, trial courts should be careful to follow the sequence of steps and make express findings in accepting guilty pleas so the transcript of the proceedings is complete. *See* Wis J I—Criminal (Supplement Service) SM–30, for the form and helpful suggestions on procedure.

*By the Court.*—Order affirmed.