LIBKE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 133. Argued June 6, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 331.)

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. The single issue involved in this review is whether the same standard applies to the consideration of a motion to withdraw a guilty plea before sentence as after?

We conclude that trial courts should apply a somewhat different standard in assessing a motion to withdraw a guilty plea before sentence than after. It should be easier to withdraw a plea before sentence than after.[1] The trial court erroneously applied the same standard in that he determined that a manifest injustice to the defendant must be established.

The different standard in assessing a motion to withdraw a guilty plea before sentence has been imposed has been spelled out in sub. (b) of sec. 2.1 of the American Bar Association *Standards Relating to Pleas of Guilty,* which this court expressly adopted in *State v. Reppin.*[2] Sec. 2.1 (b) provides as follows:

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant

---

[1] *See Wilson v. State* (1973), 57 Wis. 2d 508, 510, 204 N. W. 2d 508; *State v. Reppin* (1967), 35 Wis. 2d 377, 384, 151 N. W. 2d 9.

[2] *Supra,* footnote 1.

may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. *Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.*" (Emphasis added.) [3]

In *Reppin* this court stated:

"Recently the American Bar Association Project on Minimum Standards for Criminal Justice issued a tentative draft on Standards Relating to Pleas of Guilty. These standards adopt the 'manifest injustice' test of Rule 32 (d) of the Federal Rules of Criminal Procedure and implements it with four factual situations which the advisory committee believes independently establish manifest injustice when proved by the defendant. *We agree and adopt this standard. . . .*" (Emphasis added.) [4]

The commentary to the ABA plea-withdrawal standard makes it unequivocally clear that the "manifest injustice" test or criterion was *not* intended to apply where the motion to withdraw a guilty plea is made before sentence is imposed. The commentary to sec. 2.1 (a) states that "[t]his language, it should be noted, says nothing about the standard to be employed before sentence." [5] The commentary to the black-letter rule of sub. (b), quoted earlier, [6] provides:

"The standard does recognize the generally acknowledged discretion of the judge to permit withdrawal before sentence *even in the absence of a manifest injustice.* This is a matter solely within the discretion of the judge; he may but need not grant the motion. In the

[3] American Bar Association Project on Standards for Criminal Justice, *Standards Relating to Pleas of Guilty* (Approved Draft, 1968), sec. 2.1 (b).

[4] *State v. Reppin, supra,* footnote 1, at pages 385, 386.

[5] ABA *Standards Relating to Pleas of Guilty, supra,* footnote 3, Commentary, sec. 2.1 (a), at page 54.

[6] *Supra,* footnote 3.

federal system, it is common to refer to this discretion as covering cases in which the defendant offers any 'fair and just reason' for withdrawal. . . ." (Emphasis added.) [7]

While the limits of the trial court's discretion and the meaning of the phrase "fair and just reason" are not adequately explicated in the ABA Standards themselves, a number of federal cases which apply Rule 32 (d) of the Federal Rules of Criminal Procedure (the acknowledged ancestor of the ABA plea-withdrawal standard) have discussed such rules.

The "fair and just reason" rule appears to have had its genesis in the federal system in *Kercheval v. United States,* wherein the United States Supreme Court held evidence of a guilty plea which is withdrawn cannot be introduced into evidence at a subsequent trial.[8] In reaching its conclusion, the high court commented upon the nature of guilty pleas and observed that the timely withdrawal of such pleas does not raise the issue of guilt or innocence. According to the court:

". . . The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." [9]

Although courts interpreting Federal Rule 32 (d) vary somewhat as to whether plea withdrawals ought or ought not be liberally permitted, they unanimously concur that the withdrawal of pleas is not a matter of absolute right. This principle was recently stated by the Second Circuit Court of Appeals in *United States v. Fernandez:* [10]

---

[7] *Id.* at page 58.

[8] (1927), 274 U. S. 220, 47 Sup. Ct. 582, 71 L. Ed. 1009.

[9] *Id.* at page 224.

[10] (2d Cir. 1970), 428 Fed. 2d 578, 580. *See also: Kirshberger v. United States* (5th Cir. 1968), 392 Fed. 2d 782, 787; *Callaway v. United States* (10th Cir. 1966), 367 Fed. 2d 140, 142.

". . . As we have held on previous occasions, a defendant has no absolute right to withdraw a plea of guilty, an application for such withdrawal being addressed to the sound discretion of the trial judge . . . ."

A number of federal cases also place the burden of establishing the grounds for a plea withdrawal, even before imposition of sentence, upon the defendant. This was forcefully stated in *Everett v. United States:*[11]

"A defendant who stands before a court freely admitting his attempted robbery does not remotely meet the standard of offering a 'fair and just reason' for withdrawing his plea of guilty prior to sentence. He must give some reason other than a desire to have a trial the basic purpose of which is to determine the very facts the defendant has just volunteered to the court on the record and while attended by his own counsel."

Professor Wright suggests this placing the burden upon the defendant to offer good reasons for withdrawing his plea is "of very dubious soundness," and urges that leave for such withdrawal should be "freely allowed." [12]

A majority of federal courts dealing with the question, regardless of where they place the burden of establishing cause for withdrawal of a guilty plea, concur with Professor Wright in opting for great liberality in permitting plea withdrawals requested before sentencing.[13] In *United States v. Young* it was stated:

"The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of ap-

[11] (D. C. Cir. 1964), 336 Fed. 2d 979, 984. *See also: Pitt v. United States* (8th Cir. 1967), 378 Fed. 2d 608, 611; *Smith v. United States* (8th Cir. 1966), 359 Fed. 2d 481, 483.

[12] 2 Wright, *Federal Practice and Procedure*, sec. 538, at pages 473, 474. *See also: Poole v. United States* (D. C. Cir. 1957), 250 Fed. 2d 396.

[13] *See e.g., United States v. Stayton* (3d Cir. 1969), 408 Fed. 2d 559, 561; *Kadwell v. United States* (9th Cir. 1963), 315 Fed. 2d 667, 670.

peals contesting the 'knowing and voluntariness' of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right to trial by jury unless he clearly waives it." [14]

These cases, although adhering to the view that the issue is addressed to the sound discretion of the trial court, do stress that the withdrawal motions made before sentencing are to be "freely allowed." [15]

The foregoing authorities make it quite clear that a different standard or criterion exists for guilty-plea-withdrawal requests which are made before rather than after sentence is imposed. The "manifest injustice" test is rooted in concepts of constitutional dimension. Thus, for example, the four situations of manifest injustice outlined in the ABA Standard all involve serious questions affecting the fundamental integrity of the plea. [16] The "fair and just reason" criterion on the other hand contemplates the mere showing of some adequate reason for the defendant's change of heart. Indeed, a number of federal cases interpret this rule as requiring withdrawal of the plea as a matter of course when the motion is made before sentencing. [17]

In the present case it is undisputed that the trial court applied the manifest injustice test of the ABA plea-withdrawal standard to defendant's request for withdrawal permission. This was the wrong criterion. The trial court should have applied the fair-and-just-reason criterion of the Standard's sec. 2.1 (b), which was adopted by this court in *State v. Reppin.* [18]

---

[14] (3d Cir. 1970), 424 Fed. 2d 1276, 1279.

[15] *United States v. Stayton, supra,* footnote 13, at page 560.

[16] *See* ABA *Standards Relating to Pleas of Guilty, supra,* footnote 3, sec. 2.1 (a) (ii).

[17] *United States v. Roland* (4th Cir. 1963), 318 Fed. 2d 406, 409; *McJordan v. Huff* (D. C. Cir. 1943), 133 Fed. 2d 408, 409.

[18] *Supra,* footnote 1, at pages 385, 386.

On this review, from our own independent examination of the record at the hearing on defendant's withdrawal motion, and in light of the proper standard, we are convinced that the trial court applied the wrong standard and since the defendant did present a "fair and just reason" to permit a plea withdrawal, the defendant should have been permitted to withdraw his guilty plea. This case is similar to *McCleary v. State*,[19] where this court independently reviewed the record to determine whether the trial court abused its sentencing discretion. An independent review of the record in the instant case reveals that the defendant essentially presented one reason for his desire to withdraw the pleas. At the hearing on the motion to withdraw the plea defendant testified that it was never his intention to plead guilty. He stated that things were happening "too darn fast" and that out of confusion he agreed to make such a plea. Defendant also testified that his first attorney talked him into the plea by promising to see that he received "help." Summarizing the reason he desired to withdraw his plea defendant stated "I feel I was led down the wrong way with that lawyer."

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

ROBERT W. HANSEN, J. *(concurring)*. The writer concurs with the majority holding that a defendant's request to withdraw a guilty plea, made before sentence is imposed, is addressed to the discretion of the trial court, with the defendant required to establish, not a "manifest injustice," but a "fair and just reason" for such request being granted. So reversal and remand are here required. However, the writer would remand for a new hearing and ruling on defendant's request

---

[19] (1971), 49 Wis. 2d 263, 282, 182 N. W. 2d 512.

with the "fair-and-just-reason" test to be applied. Instead the majority makes its own ruling on defendant's request. All that the defendant here has claimed is that his trial counsel "talked him into the plea by promising to see that he received 'help'." Only a hearing can determine what the reference to being "talked into" a plea involves. In addition to the issues of fact and credibility that only a hearing can resolve, the attorney whose professional conduct and good judgment are impugned should be allowed to testify as to what transpired and whether he "talked" his client into entering a plea of guilty. Only a hearing, followed by a decision based on a proper exercise of trial court discretion, can here determine whether or not the defendant has or can establish "fair and just reason" for his being permitted to withdraw his plea of guilty.