SHIRLEY S. ABRAHAMSON, C.J.
¶ 165. {dissenting). I join Justice Bradley's dissent.
¶ 166. I write separately to put into perspective Justice Prosser's concurrence on the continued use of the "fair and just reason" standard for withdrawal of a guilty plea prior to sentencing. The concurrence asserts that it is inconsistent to impose stringent plea colloquy requirements on circuit courts to ensure knowing, intelligent, and voluntary guilty pleas and to apply simultaneously the "fair and just reason" standard to allow withdrawal of a guilty plea prior to sentencing. Concurrence, ¶ 121.
¶ 167. This issue has not been addressed by the parties.
¶ 168. The concurrence's comments on the "fair and just reason" standard, in my opinion, should be read in the following contexts:
(A) National and state authorities proposing criminal procedure rules and standards have simultaneously recognized refinements to guilty plea colloquy requirements while retaining the "fair and just reason" standard for withdrawal of a guilty plea prior to sentencing;
(B) The policies favoring the "fair and just reason" standard for withdrawal of guilty pleas prior to sentencing remain salient;
(C) Wisconsin case law on the "fair and just reason" standard has evolved to meet the changing criminal procedure landscape;
*72 (D) The "fair and just reason" standard supplements the defendant's remedies for arguably deficient plea colloquies under State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986); and
(E) The concurrence advocates the manifest injustice standard to replace the "fair and just reason" standard for guilty plea withdrawal, despite the concurring justice's criticism of the "manifest injustice" standard as unclear and difficult.[1]
A
¶ 169. Much of the concurrence's reasoning for rejecting the "fair and just reason" standard rests upon the notion that there has been a sea change in the requirements for the colloquy before a circuit court accepts a plea of guilty since Wisconsin adopted the "fair and just reason" standard based on the ABA's 1967 standards.[2] Concurrence, ¶ 123.
¶ 170. I agree that this court should be open to reexamining case law to conform to changes in the law.
¶ 171. Yet entities that propose and codify rules of criminal procedure continue to urge use of the "fair and just reason" standard. See, for example, the American Bar Association's 1999 revised criminal justice standards,[3] the Federal Rules of Criminal *73 Procedure,[4] the Uniform Rules of Criminal Procedure,[5] and the Wisconsin Judicial Council's most recent proposed revisions to criminal procedure.
¶ 172. The ABA reaffirmed its commitment to the "fair and just reason" standard when it revised its criminal justice standards in 1999.[6] This comprehensive reworking of the ABA's criminal justice standards incorporated changes in criminal procedure since 1967, including increased protections for defendants at guilty plea colloquies.[7] Nonetheless, the ABA continues to use the "fair and just reason" standard, noting that "[t]his test frequently has been applied to presentence plea withdrawal motions in the federal courts and in many state courts."[8]
¶ 173. The most recent version of the Federal Rules of Criminal Procedure sets forth numerous requirements for a plea colloquy prior to court acceptance of a guilty plea,[9] while continuing to affirm a commit *74 ment to the "fair and just reason" standard. Federal Rule 11(d)(2)(B) states: "A defendant may withdraw a *75 plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if. . . the defendant can show a fair and just reason for requesting the withdrawal."
¶ 174. The Uniform Rules of Criminal Procedure also use the "fair and just reason" standard,[10] despite extensive plea colloquy requirements similar to those in the ABA standards and the federal rules.[11]
¶ 175. The Wisconsin Judicial Council, which for over ten years has considered changes to criminal procedure, has recently proposed a bill that imposes the "fair and just reason" standard for plea withdrawal prior to sentencing, with a remedy that restores both the State and the defendant to the positions they were in prior to the plea.[12]
*76 ¶ 176. Thus, it appears that the entities and organizations that propose and codify new" criminal procedure standards have not taken the concurrence's suggestion to reject the "fair and just reason" standard. On the contrary, they have repeatedly affirmed the "fair and just reason" standard for withdrawal of guilty pleas prior to sentencing.
B
¶ 177. Important policy rationales underlie the continued application of the "fair and just reason" standard for guilty plea withdrawal prior to sentencing: (1) judicial efficiency in reducing appeals; and (2) fairness to the defendant. These rationales have not been undermined by more rigorous plea colloquy requirements.
¶ 178. As the concurrence rightly notes, any standard must "formulate procedures which will maximize the benefits of conviction without trial and minimize the risks of unfair or inaccurate results." Concurrence, ¶ 122 (quoting American Bar Association Project on Minimum Standards for Criminal Justice — Pleas of Guilty 5 (Tentative Draft, Feb. 1967)).
¶ 179. Regarding the rationale of judicial efficiency, courts have noted that "[t]he liberal rule for *77 withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice":[13]
It reduces the number of appeals contesting the 'knowing and voluntariness' of a guilty plea.
It avoids the difficulties of disentangling such claims.[14]
¶ 180. Regarding the rationale of fairness to the defendant, the 1999 ABA commentary to its use of the "fair and just reason" standard for withdrawal of a guilty plea prior to sentencing explains that the standard balances the goals of maximizing the benefits of conviction without trial while minimizing the risks of unfairness as follows:
• The conviction is not yet final.
• The court has not taken the time to weigh an appropriate sentence.
• No appeal from the judgment is possible.
• If the defendant has second thoughts before sentencing about having pleaded guilty, this fact may suggest that the plea was entered without sufficient understanding and contemplation.
• Given the considerable care pursuant to which pleas are required to be taken, it is difficult to justify allowing a defendant to withdraw a plea without any reason at all.[15]
*78 ¶ 181. The ABA's reasoning for using a "fair and just reason" standard is spot-on, even if plea colloquies now better ensure knowing, intelligent, and voluntary guilty pleas.
¶ 182. Additionally, courts have persuasively explained a distinction between the policy for a "fair and just reason" standard for guilty plea withdrawal prior to sentencing and the policy for a more stringent standard after sentencing. State v. Olish, 266 S.E.2d 134 (W. Va. 1980), summarizes three reasons for applying a more stringent standard for post-sentencing plea withdrawal:
• First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside.
• Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea.
• Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.[16]
¶ 183. The Olish court's reasoning matches up with the reasoning in our case law justifying the "fair and just reason" standard for guilty plea withdrawal prior to sentencing and the more stringent standard for guilty plea withdrawal after sentencing. Our court has stated that a more stringent post-sentence standard *79 "reflects the State's interest in the finality of convictions, and reflects the fact that the presumption of innocence no longer exists." State v. Taylor, 2013 WI 34, ¶ 48, 347 Wis. 2d 30, 62, 829 N.W.2d 482 (internal quotation marks and quoted source omitted).[17]
¶ 184. In trying to support its position that increased protection for defendants during plea colloquies renders unnecessary the "fair and just reason" standard for plea withdrawal prior to sentencing, the concurrence quotes 5 Wayne R. LaFave et al., Criminal Procedure § 21.5(a), at 868 (3d ed. 2007). Concurrence, ¶ 123 n.3. It is not clear why the concurrence refers to Professor LaFave. LaFave does not support the concurrence's position that the "fair and just reason" standard should now be discarded.
¶ 185. The concurrence correctly notes in its footnote 3, however, that LaFave explains that the shift in federal cases is towards a "fair and just reason" for plea withdrawal and away from an earlier view that only prejudice was at issue.
¶ 186. LaFave documents the gradual transition from the view espoused in United States v. Savage, 561 F.2d 554, 557 (4th Cir. 1977), that no "fair and just reason" is needed and a defendant should be allowed to withdraw a guilty plea absent prejudice, towards a more restrictive view that there is "no occasion to inquire into *80 the matter of prejudice unless the defendant first shows a good reason for being allowed to withdraw his plea."[18]
¶ 187. There is no shift by LaFave or in federal and state law away from the "fair and just reason" standard.
¶ 188. In fact, LaFave explicitly supports the "fair and just reason" standard for presentencing guilty plea withdrawal even in the face of plea colloquy requirements. Adopting the reasoning of the Olish case discussed above, LaFave writes: "The prevailing approach of utilizing a more demanding standard after imposition of sentence than when the motion comes before sentencing is sound."[19]
¶ 189. LaFave concludes that the rules governing withdrawal of a guilty plea prior to sentencing on the ground that the plea colloquy was defective do not supplant the "fair and just reason" standard. LaFave states: "[I]t is erroneous for a court to conclude 'that a defendant's reason for seeking to withdraw his plea is not "fair and just" unless the reason renders the plea invalid.' "[20]
¶ 190. The concurrence is not persuasive in abandoning the well-reasoned rationales (in Olish and LaFave, for example) for using a "fair and just reason" standard for withdrawal of a guilty plea prior to sentencing in the present era of more rigorous plea colloquies.
C
¶ 191. Adherence to the "fair and just reason" standard is of long standing in Wisconsin law, see Libke *81 v. State, 60 Wis. 2d 121, 128, 208 N.W.2d 331 (1973). Instead of rejecting the standard, the court has continuously applied it. Indeed, as recently as last year, Justice Prosser wrote that "[w]hen a defendant moves to withdraw his plea before sentencing, the circuit court should freely allow the withdrawal if the defendant supplies any 'fair and just reason' unless withdrawal would substantially prejudice the prosecution." State v. Taylor, 2013 WI 34, ¶ 62, 347 Wis. 2d 30, 829 N.W.2d 482 (Prosser, J, concurring) (citing State v. Cain, 2012 WI 68, ¶ 24, 342 Wis. 2d 1, 816 N.W.2d 177).
¶ 192. Our case law over the years has developed the contours of the "fair and just reason" standard.
¶ 193. The concurrence erroneously treats the "fair and just reason" standard as so low a bar that the circuit courts become "captive to manipulation by defendants." Concurrence, ¶ 31. Yet in practice, the "fair and just reason" standard is far from an automatic pass for defendants. "Despite the language of this standard that suggests a low burden for plea withdrawal before sentencing, the Wisconsin Supreme Court has noted the difficulty that defendants encounter in practice."[21]
¶ 194. For example, in State v. Canedy, 161 Wis. 2d 565, 469 N.W.2d 163 (1991), this court explicitly rejected the approach of some courts that "determined that any desire to withdraw the plea before sentence is 'fair and just' as long as the prosecution would not be prejudiced." Canedy, 161 Wis. 2d at 583. Canedy noted that Wisconsin law requires "something other than the desire to have a trial"; the defendant has the burden to *82 prove a fair and just reason for withdrawal of a guilty plea by a preponderance of the evidence. Canedy, 161 Wis. 2d at 583-84.
¶ 195. In Canedy, the defendant alleged that he misunderstood the meaning of "depraved mind" and the consequences of his guilty plea, even though he entered the guilty plea after a colloquy explaining the "depraved mind" element of the crime. An appellate court uses the "erroneous exercise of discretion" standard for reviewing a circuit court's grant or denial of a defendant's motion to withdraw a guilty plea under the "fair and just reason" standard. Because the circuit court found the defendant's allegations not credible by a preponderance of the evidence, this court held that denial of the defendant's motion to withdraw his plea was not an erroneous exercise of discretion. See also State v. Kivioja, 225 Wis. 2d 271, 288-89, 592 N.W.2d 220 (1999) (holding that a "fair and just reason" must be "credible" and "plausible" and deferring to the circuit court's finding of credibility).
¶ 196. The court also recognized the "fair and just reason" standard as a bar to withdrawal of a guilty plea in State v. Jenkins, 2007 WI 96, 303 Wis. 2d 157, 736 N.W.2d 24, noting that a defendant must meet two standards prior to demonstrating a "fair and just reason":
First, the defendant must proffer a fair and just reason for withdrawing his plea. Not every reason will qualify as a fair and just reason. Second, the defendant must proffer a fair and just reason that the circuit court finds credible. In other words, the circuit court must believe that the defendant's proffered reason actually exists.
State v. Jenkins, 303 Wis. 2d 157, ¶ 43 (citations omitted) (citing Canedy).
*83 ¶ 197. In Jenkins, the defendant's allegations of misunderstanding were rejected as failing these requirements.[22] The Jenkins court stated: "As long as circuit courts follow the court mandated and statutory-requirements during plea colloquies, defendants will ordinarily have difficulty showing a fair and just reason for plea withdrawal if the reason is based on grounds that were adequately addressed in the plea colloquy." Jenkins, 303 Wis. 2d 157, ¶ 60.
¶ 198. Although the concurrence implies that the "fair and just reason" standard is no meaningful bar to plea withdrawal, I can find no Wisconsin Supreme Court case reversing a circuit court's denial of a defendant's motion to withdraw a guilty plea prior to sentencing since Libke.[23]
*84 ¶ 199. Contrary to the concurrence's concerns, our case law has conformed the "fair and just reason" to our contemporary criminal procedure requirements for guilty plea colloquies.
D
¶ 200. The concurrence implies that defendants wishing to withdraw their guilty pleas prior to sentencing can use State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), which enumerates guilty plea colloquy requirements, as a replacement for the "fair and just reason" standard. Concurrence, ¶ 136.
¶ 201. Yet the concurrence fails to note that the court has made it increasingly difficult to get a Bangert hearing, at which the defendant can show that he or she did not knowingly, intelligently, and voluntarily enter a guilty plea. Thus, Bangert cannot function as a replacement for the "fair and just reason" standard.
¶ 202. Bangert sets out two requirements that a defendant must fulfill to get an evidentiary hearing to demonstrate that the plea was not knowingly, intelligently, or voluntarily made:
A Bangert motion warrants an evidentiary hearing if (1) the motion makes "a prima facie showing that [the] plea was accepted without the trial court's conformance with [Wis. Stat.] § 971.08 or other mandatory procedures," and if (2) the motion alleges that in fact the defendant did not know or understand the information that should have been provided at the plea colloquy.
State v. Howell, 2007 WI 75, ¶ 26, 301 Wis. 2d 350, 734 N.W.2d 48 (quoting Bangert, 131 Wis. 2d at 274) (footnotes omitted).
*85 ¶ 203. In recent years, however, this court has made this hearing increasingly difficult to get, even though a prima facie showing of a Bangert violation should be relatively easy to allege.[24]
¶ 204. In State v. Taylor, 2013 WI 34, 347 Wis. 2d 30, 829 N.W.2d 482, the defendant was denied a Bangert hearing, despite meeting all the requirements set forth in Bangert and subsequent cases.[25] Taylor states that when a defendant shows an "insubstantial defect" in the plea colloquy, a Bangert evidentiary hearing is unnecessary. Taylor, 347 Wis. 2d 30, ¶ 39.
¶ 205. The increased barriers to defendants to get a Bangert hearing make the value of a "fair and just reason" standard for presentencing guilty plea withdrawal more important, contrary to the concurrence's assertions. A defect that might not meet the current standard for getting a Bangert hearing might still be a "fair and just reason" justifying a guilty plea withdrawal prior to sentencing. Put differently, Bangert does not provide a sufficient safety net.
¶ 206. Similarly, in State v. Negrete, 2012 WI 92, 343 Wis. 2d 1, 819 N.W.2d 749, the court simply opted not to apply Bangert at all. Negrete, 343 Wis. 2d 1, ¶ 3. Negrete held that when the defendant failed to make" 'a pointed showing' of an error in the plea colloquy by reference to the plea colloquy transcript," Negrete, 343 *86 Wis. 2d 1, ¶ 20 (quoted source omitted), the Bangert test did not apply. Negrete, like many cases involving Bangert, involved a defendant's motion to withdraw a guilty plea after sentencing.
¶ 207. Although the defendant in Negrete asserted that the circuit court failed to inform him of collateral consequences of his plea during the colloquy, the court held that the defendant's "equivocal" affidavit in support of his Bangert motion did not demonstrate a "pointed showing of an error." Negrete, 343 Wis. 2d 1, ¶¶ 6, 20. The bar to get a hearing was set high; indeed the defendant in Negrete did not get a Bangert hearing. But the defendant might have made a sufficient showing of a "fair and just reason" to withdraw the guilty plea, had the defendant made his plea withdrawal motion prior to sentencing.
¶ 208. Thus, although Bangert provides substantial protections for defendants at plea colloquies, such protections, as LaFave explains, do not usurp all potential fair and just reasons for withdrawing a guilty plea prior to sentencing. The court's recently imposed limitations on Bangert illustrate the necessity of retaining the "fair and just reason" standard for withdrawal of guilty pleas prior to sentencing.
E
¶ 209. The concurrence asserts that "the court should not permit a defendant to withdraw a plea before sentencing unless the defendant is able to prove a manifest injustice, provided that the defendant has been accorded the rights and procedural protections in relation to pleas that have been enshrined in our law." Concurrence, ¶ 138 (emphasis added).
¶ 210. In Taylor, Justice Prosser urged the court "to carefully update the 'manifest injustice' test, with a *87 comprehensive catalog of fact situations requiring withdrawal, when a defendant satisfies his burden of proof, along with citations supporting these situations." Taylor, 347 Wis. 2d 30, ¶ 71 (Prosser, J., concurring).
¶ 211. Justice Prosser's concurrence in the instant case seeks to replace the "fair and just reason" standard, which it perceives as unclear and difficult, with the "manifest injustice" standard, which Justice Prosser has already noted is unclear and difficult.
¶ 212. In sum, I join Justice Bradley's dissent and write separately to put Justice Prosser's concurrence in perspective.

 State v. Taylor, 2013 WI 34, ¶ 71, 347 Wis. 2d 30, 829 N.W.2d 482 (Prosser, J., concurring).

 American Bar Association Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1(b) (Approved Draft 1968); Libke v. State, 60 Wis. 2d 121, 128-29, 208 N.W.2d 331 (1973) (rejecting the manifest injustice standard in favor of the "fair and just reason" standard based on the 1967 ABA standards).

 ABA Standards for Criminal Justice: Pleas of Guilty (3d ed. 1999).

 Fed. R. Crim. P 11(d)(2).

 Unif. R. Crim. P 444(g), 10 U.L.A. 123 (1987).

 ABA Standards for Criminal Justice: Pleas of Guilty Std. 14-2.1 (3d ed. 1999) ("After entry of a plea of guilty or nolo contendere and before sentence, the court should allow the defendant to withdraw the plea for any fair and just reason.").

 See, e.g., ABA Standards for Criminal Justice: Pleas of Guilty Std. 14-1.4 at 35-39 (3d ed. 1999) (historical note and commentary) (requiring that defendants understand not only the nature and elements of the offense, but also the "terms and conditions of any plea agreement").

 See, e.g., ABA Standards for Criminal Justice: Pleas of Guilty Std. 14-2.1 at 85-86 (3d ed. 1999) (historical note and commentary).

 Federal Rule of Criminal Procedure 11(b) states:
(b) Considering and Accepting a Guilty or Nolo Contendere Plea.
(1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, *74 the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
(C) the right to a jury trial;
(D) the right to be represented by counsel — and if necessary have the court appoint counsel — at trial and at every other stage of the proceeding;
(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
(G) the nature of each charge to which the defendant is pleading;
(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;
(I) any mandatory minimum penalty;
(J) any applicable forfeiture;
(K) the court's authority to order restitution;
(L) the court's obligation to impose a special assessment;
(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);
*75 (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and
(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.
(2) Ensuring That a Plea Is Voluntary. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).
(3) Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

 Unif. R. Crim. E 444 (g), 10 U.L.A. 123 (1987).

 Unif. R. Crim. E 444(c), 10 U.L.A. 120-21 (1987).

 2013 Wis. Assembly Bill 383, § 732, reads in relevant part:
SECTION 732. 971.093 of the statutes is created to read:
*76 971.093 Withdrawal of a plea of guilty or no contest.
(1) BEFORE SENTENCING. The court shall grant a motion that is made before sentencing to withdraw a plea of guilty or no contest if a fair and just reason for doing so is established.
(3) REMEDY. When the court grants a motion to withdraw a plea of guilty or no contest under this section, the judgment of conviction is vacated, the original charge or charges reinstated, and the parties are restored to the position they were in before the plea and any related plea agreement was accepted.

 United States v. Young, 424 F.2d 1276, 1279 (3d Cir. 1970).

 These bullet points are stylized from Young, 424 F.2d at 1279.

 These bullet points are stylized from ABA Standards for Criminal Justice: Pleas of Guilty Std. 14-2.1 at 85 (commentary) (3d ed. 1999).

 These bullet points are stylized from the Olish case. State v. Olish, 266 S.E.2d 134, 136 (W Va. 1980).

 See also State v. Nawrocke, 193 Wis. 2d 373, 379-80, 534 N.W.2d 624 (Wis. App. 1995) (citing Olish, 266 S.E.2d at 136, for the policy reasons distinguishing the "fair and just reason" standard for guilty plea withdrawal prior to sentencing and the "manifest injustice" standard for guilty plea withdrawal after sentencing); 5 Wayne R. LaFave et al., Criminal Procedure § 21.5(a) (3d ed. 2007) (same). Cf. State v. Handy, 391 S.E.2d 159, 161 (N.C. 1990) (same).

 5 LaFave et al., supra note 17, § 21.5(a) at 868.

 Id. § 21.5(a), at 867.

 Id. § 21.5(a), at 871-72 (quoting United States v. Ortega-Ascanio, 376 F.3d 879 (9th Cir. 2004)).

 9 Christine M. Wiseman & Michael Tobin, Wisconsin Practice Series: Criminal Practice & Procedure § 23:31, at 941-42 (2d ed. 2008) (footnotes omitted) (citing State v. Jenkins, 2007 WI 96, ¶ 43, 303 Wis. 2d 157, 736 N.W.2d 24).

 State v. Jenkins, 2007 WI 96, ¶ 88, 303 Wis. 2d 157, 736 N.W.2d 24.

 See, e.g., State v. Bollig, 2000 WI 6, 232 Wis. 2d 561, 605 N.W.2d 199 (upholding the circuit court where it denied the defendant's motion for a new trial because of substantial prejudice to the State, even though the circuit court initially-denied the motion on grounds that the defendant did not allege a "fair and just reason"); State v. Kivioja, 225 Wis. 2d 271, 592 N.W.2d 220 (1999) (holding that even though the circuit court applied the incorrect "manifest injustice" standard for guilty plea withdrawal prior to sentencing, the circuit court's denial of the defendant's motion to withdraw his guilty plea should not be reversed as an erroneous exercise of discretion when the new evidence admitted was deemed unreliable and therefore was not a "fair and just reason" for guilty plea withdrawal); State v. Garcia, 192 Wis. 2d 845, 863, 532 N.W.2d 111 (1995) (holding that the circuit court did not erroneously exercise its discretion in denying the defendant's motion to withdraw the guilty plea, deeming the defendant's reason to be incredible); Dudrey v. State, 74 Wis. 2d 480, 485, 247 N.W.2d 105 (1976) (requiring evidence "that the misunderstanding actually existed"); State v. McKnight, 65 Wis. 2d 582, 223 N.W.2d 550 (1974) (holding that *84 the defendant's allegations were incredible because the defendant acknowledged how much time he had spent deliberating over his plea change).

 "The requirements for a Bangert motion are relatively relaxed because the source of the defendant's misunderstanding, the plea colloquy defect, should be clear from the transcript of the hearing at which the plea was taken. We require less from the allegations in a Bangert motion because the circuit court bears the responsibility of preventing failures in the plea colloquy." State v. Howell, 301 Wis. 2d 350, ¶ 28.

 State v. Brown, 2006 WI 100, 293 Wis. 2d 594, 716 N.W.2d 906; State v. Cross, 2010 WI 70, 326 Wis. 2d 492, 786 N.W.2d 64.