STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven J. SHANKS, Defendant-Appellant.

Court of Appeals

*No. 89-0197-CR. Submitted on briefs August 17, 1989.—
Decided September 13, 1989.*

(Also reported in 448 N.W.2d 264.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss,* assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Jerome S. Schmidt,* assistant attorney general of Madison.

Before Brown, P.J., Scott, J., and Robert J. Parins, Reserve Judge.

BROWN, P.J.   Steven J. Shanks appeals his conviction on the grounds that his motion to withdraw a guilty plea, brought prior to sentencing, was improperly denied. We reverse and remand, holding that Shanks offered fair and just reasons for withdrawal, that the reasons were supported by the record and that the motion therefore should have been granted. We do not address Shanks' alternative grounds for relief.

On July 31, 1987, Shanks entered a negotiated plea of guilty to the felony charges of injury by conduct regardless of life and criminal damage to property. On September 21, prior to sentencing, Shanks discharged his first attorney and retained new trial counsel. New counsel moved to withdraw the guilty plea on September 24. Shanks asserted numerous grounds for the motion, including hasty and inadequately explained plea proceedings, confusion, fear and ignorance. The motion was denied, as was the presentence motion to reconsider.

Wisconsin precedent teaches that the criterion for withdrawal of a guilty plea prior to sentencing is whether defendant has shown a fair and just reason for withdrawal. *Libke v. State,* 60 Wis. 2d 121, 128, 208 N.W.2d 331, 335 (1973). This determination rests within the trial court's discretion. *Id.*   However, the exercise of discretion requires the trial court to take a liberal rather than a rigid view of the reasons given. *Id.*   The "fair and just" standard contemplates the mere showing of some adequate reason for the defendant's change of heart. *Id.* Its liberal application effects efficient administration of criminal justice by reducing appeals contesting the knowing and voluntariness of a guilty plea and avoids the difficulties of disentangling such claims. *Id.*   at 127–28, 208 N.W.2d at 335. When the necessary showing is made, the defendant should be permitted to withdraw

his guilty plea unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. *Id.* at 125, 129, 208 N.W.2d at 333, 335.[1]

We will uphold a trial court's exercise of discretion if the record shows a process of reasoning dependent on facts of record and a conclusion based on a logical rationale founded upon proper legal standards. *McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971). Here, the trial court did refer to *Libke* when ruling on Shanks' motion to withdraw his guilty plea. However, it also referred to "constitutional grounds" for withdrawal, a higher standard that comes into play after, rather than before, imposition of sentence. *Libke,* 60 Wis. 2d at 128, 208 N.W.2d at 335. After alluding to these standards, the court denied Shanks' motion, seeming to hold that no reason was offered for withdrawal under either standard. We consider the trial court's account inadequate to show an application of facts to the "fair and just" standard. We must therefore independently review the record to determine whether the trial court's decision can be sustained when the facts are applied to the applicable law. *Id.* at 129, 208 N.W.2d at 335.

---

[1] Our supreme court derived the "fair and just" rule from the American Bar Association's *Standards Relating to Pleas of Guilty* (Approved Draft, 1968). *Libke v. State,* 60 Wis. 2d 121, 208 N.W.2d 331 (1973). When *Libke* was written, the standard stated that the trial court "may" allow withdrawal following the showing of a fair and just reason for doing so. *Id.* at 125, 208 N.W.2d at 333. The standard now states that the trial court "should" do so. *Standards for Criminal Justice,* sec. 14-2.1. The *Libke* court anticipated the revised language of the standard, stating that since a fair and just reason had been shown, the trial court should have allowed Libke to withdraw his plea. *Libke,* 60 Wis. 2d at 129, 208 N.W.2d at 335.

The terms "fair and just" lack any pretense of scientific exactness. *United States v. Barker,* 514 F.2d 208, 220 (D.C. Cir.) *cert. denied,* 421 U.S. 1013 (1975). Whether a fair and just reason is offered turns on the guidelines that have emerged from appellate cases. *See id.* Wisconsin courts have set forth a number of factors for consideration, though they have not previously been collected in one case.

An assertion of innocence is an important factor, though not in itself dispositive. *Dudrey v. State,* 74 Wis. 2d 480, 485, 247 N.W.2d 105, 108 (1976). Conversely, incriminating statements by a defendant subsequent to the plea could, as a practical matter, make a defendant's guilty or no contest plea irrevocable. *State v. McConnohie,* 121 Wis. 2d 57, 68, 358 N.W.2d 256, 262 (1984).

Genuine misunderstanding of a guilty plea's consequences is a ground for withdrawal. *Dudrey,* 74 Wis. 2d at 485, 247 N.W.2d at 108. Hasty entry of the pleas, confusion on the defendant's part and coercion on the part of trial counsel are also factors for consideration. *Id.* at 486, 247 N.W.2d at 108. Whether the motion to withdraw was expeditiously brought or was delayed is also relevant. *Id.* at 485, 247 N.W.2d at 108. "A swift change of heart is itself strong indication that the plea was entered in haste and confusion." *Barker,* 514 F.2d at 222.

Finally, even where the reasons are fair and just, they must be supported by the evidence of record. *See State v. McKnight,* 65 Wis. 2d 582, 593–94, 223 N.W.2d 550, 556 (1974). Some courts have suggested that the reason offered must be "plausible." *United States v. Navarro-Flores,* 628 F.2d 1178, 1183 (9th Cir. 1980).

Applying the guidelines to the case at hand, we hold that Shanks offered fair and just reasons for withdrawal of his guilty plea. Denial of intent during the plea colloquy, coercive action by defense counsel, haste and confusion in the plea taking, and a prompt motion to withdraw were all set forth as reasons for granting the motion. Our guidelines make clear that these are important factors, and represent more than the mere desire to have a trial on issues voluntarily conceded in open court.

The record supports the majority of these assertions. As to the allegations of haste and confusion, trial counsel informed the court just before the plea colloquy began that he "was not able to formally notify [Shanks] that we would be pleading guilty." Certainly the allegation of haste is rendered plausible by this uncontradicted statement. The plea questionnaire indicates that Shanks intended to plead guilty to endangering safety by conduct regardless of life when in fact the charge was injury by conduct regardless of life. The plausibility of confusion raised by this error is not diminished by the plea colloquy. In response to the court's question, "what pleas do you now wish to enter to the charge of aggravated battery"—a charge not before the court—Shanks replied, "guilty." Shanks later expressly told the court that he was pleading guilty to endangering safety.

Nor is the plausibility of confusion dispelled by the trial court's discussion with Shanks of the elements of injury by conduct regardless of life. During the course of that discussion, Shanks denied the element of intent, asserting that he injured the purported victim accidentally, a position from which he did not retreat. This assertion of legal innocence is itself an important factor for the trial court in evaluating the propriety of allowing a plea withdrawal.

Further, Shanks sought alternative counsel prior to sentencing. A little more than a month after the plea proceeding, on September 10, 1987, he stipulated, subject to objection to the jurisdiction of the court, to substitution of attorneys. The court accepted the stipulation on September 21 and a motion to withdraw the guilty plea was filed on September 24. This sequence of events represents expeditious action, showing a swift recognition that the pleas were too hastily entered rather than a deliberate delay to test the weight of potential punishment. *See Dudrey,* 74 Wis. 2d at 485, 247 N.W.2d at 108.

Finally, we note that the state made no argument that it would be substantially prejudiced by Shanks' withdrawal of his plea.

On this record, we must conclude that the trial court erred in denying Shanks' motion. Fair and just reasons, made plausible by the record, were offered in support and liberal application of the *Libke* rule required that Shanks be permitted to withdraw his guilty pleas.

*By the Court.*—Judgment and order reversed and cause remanded.