STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven M. SHIMEK,, Defendant-Appellant.

Court of Appeals

*No. 99–0291–CR. Submitted on briefs September 10, 1999.—Decided September 30, 1999.*

(Also reported in 601 N.W.2d 865.)

733

734

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Keith A. Findley* of *Criminal Appeals Project, University of Wisconsin Law School.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Pamela Magee*, assistant attorney general.

Before Eich, Vergeront and Deininger, JJ.

VERGERONT, J. Steven Shimek appeals a judgment of conviction for burglary, theft and felon in possession of a firearm, contrary to §§ 943.10(1)(a), 943.20(1)(a) and 941.29(2)(a), STATS., respectively. He also appeals the order denying his postconviction motion requesting permission, before sentencing, to withdraw his no contest pleas to the first two charges and his guilty plea to the third charge. As grounds for the motion, Shimek asserted that when he entered the plea he did not understand his former prison guard and subsequent parole officer, whom he perceived as biased against him, would be assigned to prepare the presentence investigation and report (PSI). On appeal, Shimek contends the trial court erred in denying his motion because he established a fair and just reason for the withdrawal of his pleas. We conclude the trial court properly exercised its discretion in deciding that Shimek's concerns about the potential bias of the PSI could be adequately addressed by other means and did

not constitute a fair and just reason for withdrawing his pleas. We therefore affirm.

## BACKGROUND

Shimek entered his pleas pursuant to a plea agreement, whereby the State agreed to dismiss the repeater allegations and to recommend jointly with the defense this sentence: for burglary, the maximum ten years, stayed, with five years' probation; for theft, the maximum five years, consecutive, stayed, with five years' probation; and for possession of a firearm, eighteen months outright, concurrent to any prison time he was currently serving. The court postponed and ordered a PSI. Two months later, before sentencing had taken place, Shimek moved to withdraw his plea, asserting that the person assigned to prepare the PSI was Bernie Vetrone, who was Shimek's former prison guard and parole officer and with whom he had a very poor working relationship. The motion also asserted that, because of Shimek's perception that Vetrone was biased against him, Shimek refused to cooperate with the presentence interview and would not receive a fair and impartial PSI. Accompanying the motion was the affidavit of defense counsel, which averred that Shimek notified her of his desire to withdraw his pleas before he was aware of the contents of the PSI, and that, as of the date on which she was drafting the affidavit, he had not been notified of the filing of the PSI or its contents.

At the non-evidentiary hearing on the motion, the court accepted counsel's averments as true and accepted as credible and understandable Shimek's position that he did not want Vetrone to do his PSI because Vetrone was formerly his prison guard and they did not have a good relationship. However, the

736

court determined that this did not constitute a fair and just reason to withdraw the pleas, because there were means available to prevent the potentially biased PSI from influencing the sentencing decision. The court stated that it would disregard the recommendation in Vetrone's PSI and use only the information on Shimek's prior record from that document; the defense could then have the public defender's social worker prepare a PSI, providing the court with any information it believed would be beneficial for the court to consider.[1]

The client services specialist of the State Public Defender's office interviewed Shimek and prepared a PSI, which she submitted to the court. This second PSI recommended that Shimek be sentenced to between thirty-six and sixty months on the burglary charge, consecutive to his current incarceration; twenty-four months on the theft charge, stayed, with six years' probation, concurrent; and one year on the possession of a firearm charge, stayed, with probation of two years to run consecutive to the first two charges.

---

[1] There were two hearings on the motion, because the first was adjourned to give the State the opportunity to prepare a response and give the defense counsel an opportunity to discuss with Shimek, who was not present, the court's proposal that either a different Department of Correction agent or the public defender's social worker prepare a second PSI. At the second hearing, defense counsel continued to argue, on behalf of Shimek, that he had established grounds sufficient to entitle him to withdraw his pleas. However, she advised the court, in the alternative, that if Shimek was not permitted to withdraw his pleas, she would choose, on Shimek's behalf, to have the public defender's social worker, rather than a DOC agent, prepare a second PSI.

At sentencing, the court stated that it had read at least two times the second PSI and also had Vetrone's PSI, with respect to which it was concentrating only on page three, the page describing Shimek's prior record. Shimek's counsel stated that he did have several objections to Vetrone's PSI, but it was her understanding the court would be relying only on page three of that report, and Shimek had no objections to his prior record as listed on page three. The court read a letter Shimek presented from his fiance and mother of one of his children, heard argument from the prosecutor and defense counsel in support of their joint recommendation, and listened to Shimek's comments. After explaining the information it considered and how it viewed that information, the court sentenced Shimek to eight years on the burglary, five years on the theft, concurrent, and two years on the possession of a firearm, also concurrent, all concurrent with the sentence he was presently serving.

## DISCUSSION

On appeal, Shimek challenges the trial court's decision not to permit him to withdraw his pleas. He contends the reasons he presented for withdrawal constituted a fair and just reason, and the State made no argument or showing of prejudice. The court's denial of the motion, Shimek asserts, was an erroneous exercise of discretion because a taint of bias from Vetrone's PSI may have affected the sentencing process; the court improperly focused on the inconvenience a trial would cause; and the court employed an incorrect legal standard.

■

A defendant seeking to withdraw a plea of guilty or no contest before sentencing must show a fair and just

reason for allowing him or her to withdraw the plea. *State v. Kivioja*, 225 Wis. 2d 271, 283, 592 N.W.2d 220, 227 (1999). If the trial court finds the defendant's evidence credible and determines that it constitutes a fair and just reason, the court should permit withdrawal, unless the prosecution would be substantially prejudiced. *Id.* at 283–84, 592 N.W.2d at 227. The showing of a fair and just reason contemplates the " 'mere showing of some adequate reason for the defendant's change of heart.' " *Id.* at 284, 592 N.W.2d at 227 (quoted source omitted). A circuit court is to apply this test liberally, although a defendant is not automatically entitled to withdrawal. *Id.* Whether to permit the withdrawal of a guilty or no contest plea before sentencing is a determination committed to the trial court's discretion. *Id.* We sustain the trial court's discretionary determination if the trial court reached a reasonable conclusion based on the correct legal standard and a logical interpretation of the facts. *Id.*

The purpose of permitting plea withdrawals before sentencing under this liberal standard is to facilitate the efficient administration of justice by reducing the number of appeals contesting the knowing and voluntariness of a plea; it also ensures that a defendant is not denied a trial by jury unless he clearly waives it. *Libke v. State*, 60 Wis. 2d 121, 127–28, 208 N.W.2d 331, 335 (1973). Although "fair and just reason" has not been precisely defined, in *State v. Shanks*, 152 Wis. 2d 284, 290, 448 N.W.2d 264, 266 (Ct. App. 1989), we summarized reasons that have been considered fair and just in prior cases: genuine misunderstanding of the plea's consequences; haste and confusion in entering the plea; and coercion on the part of trial counsel. *See also State v. Manke*, 230 Wis. 2d 421, 429, 602

N.W.2d 139, 143 (Ct. App. 1999) (stating another sufficient ground for plea withdrawal to be confusion resulting from misleading advice from defendant's attorney). We also identified the assertion of innocence and the promptness with which the motion is brought as factors relevant to the court's consideration. *Shanks,* 152 Wis. 2d at 290, 448 N.W.2d at 266.[2]

In contrast to this standard, the higher standard of "manifest injustice" applies after sentencing. *State v. Nawrocke,* 193 Wis. 2d 373, 378, 534 N.W.2d 624, 626 (Ct. App. 1995). A manifest injustice is a serious flaw in the fundamental integrity of the plea, generally of a constitutional dimension; it must be shown by clear and convincing evidence, rather than simply a preponderance of evidence. *See id.* at 379, 534 N.W.2d at 626. The rationale for a higher standard after sentencing is that it deters a defendant from "testing the waters" and then moving to withdraw a guilty or no contest plea if

---

[2] Although we did not expressly so state in *State v. Shanks,* 152 Wis. 2d 284, 448 N.W.2d 264 (Ct. App. 1989), an assertion of innocence and a prompt motion to withdraw are not in themselves fair and just reasons for a plea withdrawal, but are factors that bear on whether the defendant's proferred reason of misunderstanding, confusion or coercion are credible. For example, in *Shanks* we considered the fact that the defendant denied intent to injure during the plea colloquy (one of the elements of the crime to which he pleaded guilty) as supporting the credibility of his proferred reason for withdrawal—that he entered the plea in confusion. *Id.* at 291, 448 N.W.2d at 267. We considered his motion to withdraw the plea promptly upon appointment of new counsel to show a "swift recognition that the pleas were too hastily entered rather than a deliberate delay to test the weight of potential punishment." *Id.* at 292, 448 N.W.2d at 267.

disappointed in the sentence imposed. *Id.* at 379–80, 534 N.W.2d at 626.

The trial court here accepted as true Shimek's reason for wanting to withdraw his plea, but decided there were adequate means to prevent the sentencing process from being influenced by the PSI that Shimek feared would be biased against him. The court reasoned that fear of an unfair sentencing process was therefore not an adequate reason for withdrawing his plea. We conclude the court properly exercised its discretion. Defense counsel made clear that Shimek was not asserting any deficiency in the plea proceedings, or any lack of understanding, confusion or coercion relating to the entry of the pleas.[3] The court correctly identified that Shimek's concern about Vetrone's PSI report went to the fairness of the sentencing process rather than fairness of the plea process. It therefore properly focused its attention on eliminating any potential bias from the sentencing process. The court allowed Shimek to choose who would prepare the second PSI. It committed itself to consider only the statement of prior criminal history in Vetrone's PSI, to which Shimek had no objection.[4] The transcript of the sentencing hearing shows that the court followed

---

[3] Indeed, counsel stated: "As I recall the court was quite thorough on the going over the defendant's rights, and I don't believe the Court could have done a better job with regard to the actual rights that the defendant was giving up at that time."

[4] As the trial court was aware when it first heard this motion, it had the discretion to decide whether to order a PSI and the extent to which it would rely on the information in it. *See State v. Suchocki*, 208 Wis. 2d 509, 515, 561 N.W.2d 332, 335 (Ct. App. 1997).

through with this commitment.[5] The court also commented on the favorable information in the second PSI and took that into account in its sentencing decision.

Shimek argues that even with the alternatives employed by the court, Shimek had a valid basis for fearing that Vetrone's PSI "might still influence the . . . court," and, thus, a fair and just reason for withdrawing his pleas. Shimek points out that the court did read Vetrone's PSI when it was originally filed, and, at the time of the hearing on Shimek's motion, the court was aware that in his report Vetrone described Shimek as uncooperative and recommended seventeen years—the maximum on each count, consecutive. Shimek suggests that Vetrone's PSI might have played some role, perhaps even a "subconscious" role, in the sentence the court ultimately did impose, which Shimek describes as "compromised"—higher than the joint recommendation of counsel and the recommendation in the second PSI, but lower than Vetrone's recommendation.

We are persuaded that Shimek's fear of lingering bias does not constitute a fair and just reason for withdrawal of his plea. The trial court implicitly decided there was no lingering bias in that it determined that the measures it took removed any reasonable basis Shimek had for concern about the fairness of the sentencing process. The record does not provide any ground for not accepting that determination by the trial court. Moreover, we do not see how fears of lingering bias in the sentencing process, whether reasonable or not, adequately explain a desire to withdraw the pleas. A trial does not address or remedy Shimek's

---

[5] The court explained that it had read Vetrone's PSI when it came many months previously, but that day had looked only at page three concerning the prior record.

742

concern that the court in sentencing may subconsciously be influenced by having read Vetrone's PSI: if Shimek were convicted after a trial, he would still face sentencing by this court, which has already read Vetrone's PSI.

Shimek also argues that in denying his motion, the trial court improperly focused on the inconvenience that a trial would cause. We do not agree. From the beginning of its consideration of the motion at the first hearing, the trial court questioned whether a plea withdrawal was the appropriate remedy for a concern about a biased PSI, and indicated its view that there were more appropriate means to address Shimek's concerns. Throughout the two hearings on the motion this was, consistently, the view expressed by the court in its statements, questions and conclusion. The court's comment on the time invested by the court prior to the entry of the pleas is a brief portion of the court's lengthy discussion and simply explains the court's thinking on why there must be a fair and just reason for withdrawal of the plea; it is not a reason for the court's conclusion that Shimek did not offer a fair and just reason. The court's comment is consistent with the principle that, although plea withdrawals before sentencing are to be freely allowed, they are not automatic: the defendant must present a fair and just reason for withdrawal. *See Kivioja,* 225 Wis. 2d at 284, 592 N.W.2d at 227.

Shimek also contends the trial court erred because it, in effect, applied the higher standard for plea withdrawal after sentencing. Shimek bases this argument on the court's comments that there were means to address Shimek's concerns about Vetrone's PSI "that would pass constitutional muster in terms of fairness

and due process." From this reference to "constitutional muster," Shimek infers that the court was of the view that Shimek must show a constitutional violation, even though a "fair and just reason" need not be a constitutional violation.

Again, we do not agree with Shimek's reading of the trial court's comments. A defendant has a constitutional right of due process to be sentenced on accurate information. *See State v. Johnson*, 158 Wis. 2d 458, 468, 463 N.W.2d 352, 357 (Ct. App. 1990). The court's comments on "passing constitutional muster" reflected the court's view that there were means to prevent any bias in Vetrone's PSI from making the sentencing process unfair. This was an appropriate consideration in evaluating whether Shimek's concern over that PSI was a fair and just reason for withdrawing his plea. The court's comments do not reflect any error or misunderstanding about the showing Shimek had to make to withdraw his pleas before sentencing.

*By the Court.*—Judgment and order affirmed.