REBECCA FRANK DALLET, J. (dissenting).
¶36 In determining that Attorney Michael J. Hicks violated the Rules of Professional Conduct for Attorneys in his representation of Mr. Cooper, we accepted and relied upon the referee's factual findings. The referee found that during the 10 months leading up to the trial date on which Mr. Cooper entered his guilty plea, Attorney Hicks failed to consult with Mr. Cooper regarding trial strategy and preparation and failed to provide Mr. Cooper with requested discovery.[1] We agreed with the referee that the factual findings support the conclusion that Attorney Hicks engaged in the professional misconduct outlined by the referee, including a statement that Mr. Cooper was prevented from "adequately understanding and participating in his own defense." In re Disciplinary Proceedings Against Hicks, 2016 WI 31, ¶ 28, 368 Wis. 2d 108, 877 N.W. 2d 848.[2] I disagree with the majority opinion's conclusion *206 that this court's decision in Hicks "has no material effect" on Mr. Cooper's motion to withdraw his plea pre-sentencing. Majority op., ¶18. I therefore dissent. *467 ¶37 In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient, which requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance prejudiced the defense, which requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. In Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court held that the two-part Strickland test applied to a defendant's post-sentencing motion to withdraw his plea based on ineffective assistance of counsel.
¶38 The majority opinion ultimately determines that even if Attorney Hicks' performance was deficient, Mr. Cooper failed to allege prejudice resulting from that deficient performance, and therefore his motion to withdraw his plea fails. Majority op., ¶¶28-30. I disagree with the majority opinion's conclusion that Mr. Cooper failed to allege that Attorney Hicks' deficient performance caused prejudice. Although Mr. Cooper's counsel stated at the hearing that Mr. Cooper still "might" decide to enter a plea, Mr. Cooper is now asking this court to "allow him to withdraw his guilty plea, and remand this case for further proceedings and a trial on the merits." (emphasis added). Mr. Cooper alleges sufficient prejudice that resulted from Attorney Hicks' deficient performance, *468 namely, hasty entry of a plea because Attorney Hicks was not prepared to defend him on the day of trial.
¶39 Moreover, by requiring Mr. Cooper to prove deficiency as part of a motion for plea withdrawal pre-sentencing, the majority opinion equates the standard for withdrawal of a plea post-sentencing, "manifest injustice," with the lower pre-sentencing standard of a "fair and just reason." See State v. Cain, 2012 WI 68, ¶ 24, 342 Wis. 2d 1, 816 N.W.2d 177 (emphasizing that while a circuit court should " 'freely allow a defendant to withdraw his plea prior to sentencing for any fair and just reason, unless the prosecution [would] be substantially prejudiced,' " this standard should not be confused with the post-sentencing rule " 'where the defendant must show the withdrawal is necessary to correct a manifest injustice.' ") (quoted source omitted). "A manifest injustice is a serious flaw in the fundamental integrity of the plea, generally of a constitutional dimension" and must be shown by clear and convincing evidence. State v. Shimek, 230 Wis. 2d 730, 740, 601 N.W.2d 865 (Ct. App. 1999). To prove that ineffective assistance of counsel resulted in a manifest injustice, this court has required a defendant to demonstrate both prongs of an ineffective assistance of counsel claim. See State v. Dillard, 2014 WI 123, ¶¶ 84-85, 358 Wis. 2d 543, 859 N.W.2d 44 ; see also State v. Bentley, 201 Wis. 2d 303, 311-12, 548 N.W.2d 50 (1996).
¶40 In contrast, to withdraw a plea prior to sentencing, a defendant need only prove by a preponderance of the evidence a "fair and just reason." State v. Canedy, 161 Wis. 2d 565, 584, 469 N.W.2d 163 (1991). A "fair and just reason" is defined as "the mere showing of some adequate reason for the *207 defendant's change of heart." *469 Libke v. State, 60 Wis. 2d 121, 128, 208 N.W.2d 331 (1973). Less proof is therefore needed to prevail on a motion to withdraw a plea pre-sentencing than post-sentencing. See, e.g., id. at 124, 208 N.W.2d 331 ("It should be easier to withdraw a plea before sentence than after."); see also State v. Reppin, 35 Wis. 2d 377, 384, 151 N.W.2d 9 (1967).
¶41 Guidelines have emerged from appellate cases that aid in the consideration of whether the reason given for plea withdrawal is fair and just. See State v. Shanks, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989) ; see also United States v. Barker, 514 F.2d 208, 220 (D.C. Cir. 1975) (noting that "the terms 'fair and just' lack any pretense of scientific exactness."). Several factors courts consider include: assertion of innocence, a genuine misunderstanding of a plea's consequences, hasty entry of a plea, confusion of the defendant, coercion by trial counsel, and expeditiously seeking plea withdrawal. See Shanks, 152 Wis. 2d at 290-91, 448 N.W.2d 264. If a defendant proves by a preponderance of the evidence a fair and just reason for withdrawal of his or her plea prior to sentencing, then the burden shifts to the State to show substantial prejudice in order to defeat the plea withdrawal. State v. Bollig, 2000 WI 6, ¶ 34, 232 Wis. 2d 561, 605 N.W.2d 199.
¶42 It is noteworthy that both Strickland and Hill involved a motion to withdraw a plea post-sentencing and that there is no United States Supreme Court or Wisconsin precedent requiring a defendant to show prejudice as a result of counsel's deficient performance when moving to withdraw a plea pre-sentencing. In United States v. Davis, 428 F.3d 802, 808 (9th Cir. 2005), the Ninth Circuit held that a defendant does not have to show prejudice as a result of his counsel's deficient performance, instead he need *470 only show that the deficient performance "could have motivated his decision to plead guilty" (emphasis in original). The Davis court concluded that "[t]o require a defendant to satisfy the prejudice prong of Hill in order to withdraw a plea based on counsel's erroneous advice eviscerates the distinction between a motion to withdraw a plea made pre-sentence and a post-sentence challenge to a plea." Id. at 806.
¶43 I therefore focus my attention not on whether Mr. Cooper must show prejudice, which may be inconsequential pre-sentencing, but on whether the circuit court erred in finding that Attorney Hicks' performance was not deficient. See State v. Turner, 136 Wis. 2d 333, 343-44, 401 N.W.2d 827 (1987) (applying a clearly erroneous standard to the circuit court's findings of fact). By making factual findings now known to be incorrect, the circuit court erroneously determined that Attorney Hicks was prepared for trial at the time of Mr. Cooper's plea. This court should therefore remand this case for a new plea withdrawal hearing.
¶44 At the plea withdrawal hearing, Mr. Cooper's new counsel articulated two ways in which Attorney Hicks was deficient. First, Attorney Hicks did not inform Mr. Cooper of the suspension of his law license. Second, Mr. Cooper "entered the plea in haste" based upon his belief that "he felt like his attorney wasn't prepared" to proceed to trial. This belief led Mr. Cooper to answer the circuit court's questions at the plea hearing in the manner in which he did.
¶45 The majority opinion broadly discounts Attorney Hicks' deficient performance and mistakenly states that "[a]ll of these facts and allegations were already before the circuit court when it considered Mr. Cooper's motion ...." Majority op., ¶25. According to *471 the majority opinion, this court's disciplinary decision in Hicks "suggests no additional support for Mr. Cooper's *208 claim that he received ineffective assistance of counsel prior to entering his plea." Id., ¶24. However, it is apparent that the circuit court drew conclusions based upon incomplete and incorrect information.
¶46 Regarding Attorney Hicks' failure to inform Mr. Cooper of his license suspension, the circuit court stated:
I don't know what attempts Mr. Hicks made to communicate [his license suspension] or whether or not he did ... I don't see anything in the record, at least at this point, to say that Mr. Hicks didn't communicate that or if he did communicate that whether or not Mr. Cooper cared.
It is now undisputed that Attorney Hicks never communicated the fact that his law license was suspended to Mr. Cooper.[3] Mr. Cooper further testified at the plea withdrawal hearing about how he felt misled by Attorney Hicks due to the lack of disclosure regarding his law license suspension. The circuit court's finding was therefore erroneous.
¶47 It is Mr. Cooper's second proffered reason, his hasty entry of a plea because Attorney Hicks was not prepared and did not turn over requested discovery, that causes even more concern in light of this court's conclusions in Hicks, 368 Wis. 2d 108, 877 N.W.2d 848. On October 8, 2013, Mr. Cooper wrote a letter to the circuit court stating that "[t]here are approximately 13 days till trail [sic] and I have yet to receive a copy of the discovery material to review the evidence against me."
*472 Mr. Cooper further stated that he was not prepared for trial and that his alibi witness was not subpoenaed. In his December 21, 2013 letter to the circuit court asking to withdraw his guilty plea, Mr. Cooper said that he was never provided with the documents he sought and that he "was misslead [sic] by my counsel that I was dstined [sic] to loss [sic] my case if I go to trial, and [i]f I take this plea I will still go home on time. Even [i]f I didn't commit this case a plea will be in my best interest."
¶48 Based upon Mr. Cooper's statements at the plea hearing indicating that he wanted the circuit court to take "no actions" with respect to the letters he had sent, the circuit court discounted the letters. The circuit court made no factual findings about whether or not Attorney Hicks had communicated with Mr. Cooper regarding trial preparation or whether he had turned over the requested discovery to Mr. Cooper. The circuit court concluded that "prior to the plea Mr. Cooper is sitting, they weren't ready for trial, there were alibi witnesses available, he felt he had a defense, and all of those things seem to be consistent with someone who is prepared and going to trial." The circuit court further emphasized the generous plea deal and speculated that Attorney Hicks prevailed upon Mr. Cooper to take the deal.
¶49 The circuit court erroneously found that Mr. Cooper was prepared to proceed to a jury trial on October 21, 2013. The factual findings accepted in Hicks establish that for the 10 months prior to trial, Attorney Hicks failed to communicate with Mr. Cooper regarding trial strategy and preparation and failed to give Mr. Cooper discovery that he had requested to review prior to trial. This court agreed with the referee that the factual findings support the conclusion that *473 the lack of communication between Attorney Hicks and Mr. Cooper resulted in Mr. Cooper being prevented from "adequately understanding and participating in his own defense." Hicks, 368 Wis. 2d 108, ¶ 28, 877 N.W.2d 848. The fact that Mr. Cooper took a plea on the *209 day of trial to take advantage of what the circuit court characterized as a "good deal," is inapposite. Based on Attorney Hicks' lack of communication and consultation with Mr. Cooper and his failure to turn over discovery, the circuit court erroneously found that Mr. Cooper was prepared to proceed to trial.[4]
¶50 The majority opinion claims that I am "hybridiz[ing] the record" and creating "a path for collaterally attacking a criminal conviction via our attorney disciplinary proceedings." Majority op., ¶33. However, Mr. Cooper's case is notable because this court accepted the legal conclusion that a defendant was prevented from "adequately understanding and participating in his own defense." This court should not now pretend our words in Hicks were meaningless. While I acknowledge the majority opinion's concern, in the rare situation that this issue arises again, the right to effective assistance of counsel is fundamental and therefore justifies remand to the circuit court for a new plea withdrawal hearing.
¶51 For the foregoing reasons I would remand the case to the circuit court for a new plea withdrawal hearing. At that hearing, the circuit court should consider all of these now undisputed facts and make a determination as to whether Mr. Cooper offered a fair and just reason for withdrawal of his plea. Factors for *474 the circuit court to consider include: Attorney Hicks' lack of communication and preparation for trial, possible coercion by Attorney Hicks to accept a plea, Mr. Cooper's potentially hasty entry of a plea, and Mr. Cooper's subsequent expeditious request to withdraw his plea. If the circuit court determines Mr. Cooper has demonstrated a fair and just reason to withdraw his plea, the burden shifts to the State to show substantial prejudice to defeat the plea withdrawal.[5] See Bollig, 232 Wis. 2d 561, ¶ 34, 605 N.W.2d 199.
¶52 Accordingly, I respectfully dissent.
¶53 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

The referee found that Attorney Hicks failed between "January 2013 and February 12, 2013, between March 11, 2013 and August 16, 2013, and between August 18, 2013 and October 20, 2013 to communicate with [Mr. Cooper] regarding the issues raised in [Mr. Cooper's] January 2013 letter [requesting discovery and raising concerns about his case] and to otherwise consult with [Mr. Cooper] regarding trial strategy and preparation." In re Disciplinary Proceedings Against Hicks, 2016 WI 31, ¶ 28, 368 Wis. 2d 108, 877 N.W.2d 848.

The majority opinion attempts to distance itself from our language and holding in Hicks. The majority seems to be saying: "just because we said it does not mean we actually meant it."

In Hicks, we accepted the referee's factual finding that Attorney Hicks failed to notify Mr. Cooper of his law license suspension. Hicks, 368 Wis. 2d 108, ¶¶ 26, 28, 877 N.W.2d 848.

Of note, Mr. Cooper filed a grievance with OLR against Attorney Hicks well before his plea withdrawal hearing. In December 2013, OLR requested specific documents and information from Attorney Hicks surrounding Mr. Cooper's claims.

The circuit court summarily stated "for purposes of the record": "given the age of the case and the time lapse, I would find that there would be a substantial prejudice to allow [Mr. Cooper] to withdraw the plea at this point in time." However, because the circuit court did not find a fair and just reason to support plea withdrawal, this analysis was incomplete.