**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 30, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2022AP741-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CF1512

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MARCOS BANUELOS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County:  NICHOLAS McNAMARA, Judge.  *Affirmed.*

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Marcos Banuelos, by counsel, appeals his judgment of conviction and an order denying his motion for postconviction relief. Banuelos argues that the circuit court erred when it denied his postconviction motion for plea withdrawal under WIS. STAT. § 809.30 (2021-22),[1] alleging ineffective assistance of trial counsel. We reject this argument and affirm the judgment and order of the circuit court.

## BACKGROUND

¶2 Banuelos was charged with one misdemeanor and six felonies. Each of the felony counts alleged either attempted or completed sexual assault of a child. A week before his scheduled trial, Banuelos pled guilty to Count 5 of the criminal complaint, second-degree sexual assault of a child. *See* WIS. STAT. § 948.02(2). Pursuant to the negotiated plea agreement, the other six charges were dismissed but read in. The circuit court sentenced Banuelos to ten years of initial confinement and fifteen years of extended supervision.

¶3 Banuelos's appellate counsel initially filed a no-merit notice of appeal and no-merit report pursuant to WIS. STAT. RULE 809.32 and ***Anders v. California***, 386 U.S. 738 (1967). In an opinion and order issued on October 29, 2020, in appeal number 2019AP1031-CRNM, this court rejected the no-merit report after being informed by counsel that he had concluded there would be arguable merit to a claim of ineffective assistance of trial counsel.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4     Banuelos then filed a postconviction motion, alleging that his trial counsel rendered constitutionally ineffective assistance by failing to move for plea withdrawal prior to sentencing. The circuit court held an evidentiary hearing on the postconviction motion over the course of two days, and both trial counsel and Banuelos testified. The court denied the postconviction motion, and Banuelos filed a notice of appeal.

## DISCUSSION

¶5     The single issue presented on appeal is whether the circuit court erred in denying Banuelos's claim that his trial counsel was ineffective for not seeking plea withdrawal before sentencing. A defendant claiming ineffective assistance of counsel must prove both that the defendant's counsel's representation was deficient and that the defendant suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶6     In order to examine the question of whether Banuelos's counsel was constitutionally ineffective for failing to file a motion for plea withdrawal, it is necessary to review the standard for allowing a defendant to withdraw a plea prior to sentencing. A circuit court should freely allow a defendant to withdraw a plea prior to sentencing if the court finds any fair and just reason for withdrawal, unless the prosecution has been substantially prejudiced by reliance on the defendant's plea. *State v. Garcia*, 192 Wis. 2d 845, 861, 532 N.W.2d 111 (1995). "But 'freely' doesn't mean automatically." *State v. Canedy*, 161 Wis. 2d 565, 582, 469 N.W.2d 163 (1991). A fair and just reason is "some adequate reason for [the] defendant's change of heart ... other than the desire to have a trial." *Id.* at 583. We will sustain a circuit court's ruling denying a motion to withdraw a plea unless the circuit court erroneously exercised its discretion. *Id.* at 579.

¶7      Banuelos argues, as he argued in the circuit court, that he maintained his innocence, he felt coerced into entering his plea, he was given little time to decide whether to enter his plea, and he learned about new evidence relevant to his defense after he entered the plea.  According to Banuelos, each of these reasons constituted a fair and just reason to withdraw his plea, such that his trial counsel was deficient in failing to file a presentencing motion to do so.  We disagree, and conclude that the circuit court properly determined that the reasons offered by Banuelos, which we will examine in further detail below, would not have satisfied the "fair and just reason" standard for plea withdrawal even if counsel had filed such a motion.  *See Garcia*, 192 Wis. 2d 845, 861.

¶8      Banuelos asserts that he maintained his innocence consistently throughout the case, and that an assertion of innocence weighs in favor of a finding that there was a fair and just reason for plea withdrawal.  "An assertion of innocence is an important factor, though not in itself dispositive."  *State v. Shanks*, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989).  Here, the circuit court found that, although Banuelos consistently asserted innocence as to the charges that were dismissed and read in, he did not maintain innocence with respect to Count 5, the single count for which he was convicted.  In the decision and order denying Banuelos's postconviction motion, the circuit court stated, "When he says now that he always maintained his innocence of the accusations in Count 5, he is not credible—I don't believe him."  The circuit court, as fact finder, is the ultimate arbiter of witness credibility, and we must uphold its factual findings unless they are clearly erroneous.  *See State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345.

¶9      The circuit court's credibility finding is supported by the record, which shows that, in a few specific but well-documented instances, Banuelos

made admissions of guilt with respect to Count 5. At the plea hearing, as to Count 5, the circuit court conducted a colloquy with Banuelos in which the court identified the elements of the crime of second-degree sexual assault of a child, explained the definition of sexual contact, and obtained Banuelos's confirmation that he understood. Banuelos stated on the record, "Your Honor, I admit to touching the buttocks of [A.B.], which is a sexual assault by touching of an intimate part."[2] Banuelos further admitted that the touching was intentional and done with intent to become sexually aroused or gratified. Banuelos also signed a plea questionnaire, which stated, "Banuelos admits that he touched by hitting the buttocks" of the victim A.B. "for the purpose of his sexual gratification." Because the record demonstrates that Banuelos did not at all times maintain his innocence as to Count 5, we leave undisturbed the circuit court's determination as to that issue.

¶10 We turn next to Banuelos's argument that he felt coerced into entering his plea. Coercion by trial counsel to accept a plea agreement can support a determination that there is a fair and just reason for plea withdrawal. *Shanks*, 152 Wis. 2d at 290. Here, the circuit court found that there was no coercion in Banuelos's entry of the plea, and that the plea was "knowing, intelligent, and fully voluntary." The record supports the court's findings. Banuelos confirmed at the plea hearing that no one had threatened or coerced him to plead. Near the end of the plea hearing, the court confirmed for Banuelos that his trial was still scheduled for the following week, and that he could go to trial if he chose to do so. Banuelos responded that he understood. At the postconviction motion hearing, Banuelos

---

[2] To protect the dignity and privacy of the victim, we refer to her as A.B., using initials that do not correspond to her real name. *See* WIS. STAT. RULES 809.19(1)(g) and 809.86.

again confirmed that he had not been threatened or forced to enter his plea. In addition, Banuelos's trial counsel testified repeatedly at the postconviction motion hearing that the decision of whether to go to trial or plead is the client's decision.

¶11 We agree with the State that, in the postconviction motion proceedings, the circuit court made well-supported findings and credibility determinations on the issue of whether Banuelos was coerced into entering his plea. A presentencing motion for plea withdrawal on the basis of coercion would have been meritless and without support in the record. Thus, the circuit court properly rejected Banuelos's argument that his trial counsel was ineffective for failing to file such a motion.

¶12 Banuelos next argues that he was given little time to decide whether to enter his plea, and that the time factor constitutes a fair and just reason for plea withdrawal. The circuit court rejected this argument, stating, "His ultimate decision to enter the plea to Count 5 was probably difficult and a cause of much anxiety and worry for the defendant; but there is no evidence that it was rushed." The record supports the circuit court's determination on this point.

¶13 Plea negotiations commenced on March 1, 2017, twenty days before the plea hearing. On March 20, 2017, the prosecutor and Banuelos's trial counsel engaged in further negotiations. The prosecutor offered to cap her recommendation for initial confinement at five years, and not to charge Banuelos for newly discovered conduct, if Banuelos would plead to Count 5. Trial counsel met with Banuelos for several hours on March 20, 2017, and emailed the prosecutor late that night with a counteroffer that involved, among other terms, Banuelos pleading to attempted sexual assault of A.B. The prosecutor declined Banuelos's counteroffer by email the following morning, stating that if Banuelos

wanted to resolve the case, he would need to plead to a completed act of sexual assault of a child, as opposed to attempted.

¶14    The plea hearing was scheduled for 11:00 a.m. on March 21, 2017. Trial counsel testified at the postconviction motion hearing that he and Banuelos met in the morning hours on March 21, 2017, and went over the prosecutor's email from earlier that day. Trial counsel also testified that Banuelos ultimately decided to accept the prosecutor's last offer, and that he and Banuelos went over the plea questionnaire form together. The transcript of the plea hearing held on March 21, 2017, reflects that the circuit court informed Banuelos that he had the right to "call a time-out to the hearing" to privately talk with his attorney outside of the courtroom if he wished to do so, and Banuelos confirmed that he understood. In denying Banuelos's postconviction motion, the circuit court stated that "it is clear from the testimony of his trial counsel on this motion that Mr. Banuelos spoke with his attorney for many hours before finally entering his plea." We agree with the circuit court's ultimate determination that Banuelos had sufficient time to decide whether to plead, such that any motion for plea withdrawal that argued to the contrary would have been without merit.

¶15    Banuelos also argues that his discovery of new evidence after the plea constitutes a fair and just reason for plea withdrawal. Specifically, Banuelos asserts that, in May 2017, he informed the circuit court by letter that one of his daughter's friends could testify that she was with A.B. all night at a school dance on the date that Banuelos allegedly assaulted A.B., and that A.B. did not act like she had been sexually assaulted. Banuelos argues that this information would have offered a defense to Count 5, both directly and in terms of challenging A.B.'s general credibility.

¶16     The circuit court concluded that, to the extent the friend's purported testimony was directly relevant, the testimony would have been relevant to Count 7, not Count 5.  Count 5 of the criminal complaint alleged that Banuelos had sexual contact with A.B. "on or about January 2013."  The facts alleged in the complaint in support of Count 5 include A.B.'s statements that, while she was at Banuelos's house, Banuelos touched her bottom numerous times and also kissed her and touched her breasts.  To contrast, Count 7 of the complaint alleges that, on or about February 9, 2013, Banuelos attempted to have sexual contact with A.B.  The facts in support of Count 7 include A.B.'s statements that Banuelos put his hand on her thigh and tried to slide his fingers under her shorts toward her vagina before a dance that she believed was held on February 9, 2013.  Banuelos asserts that a follow-up investigation showed that the dance actually took place on January 21, 2013.  Banuelos argues that, in light of this new discovery about the date of the dance, the friend's testimony would have been relevant to Count 5.  We are not persuaded.

¶17     A discovery that the dance took place in January instead of February of 2013 does not change the fact that A.B. reported that Banuelos touched her thigh, not her bottom, on the night of the dance.  Additionally, the record reflects that Banuelos told the circuit court at sentencing that the purported testimony referenced in his letter to the court was not intended to be a denial of the conduct to which he pleaded (Count 5), but rather a defense to the read-in charges.  We conclude, as did the circuit court, that the evidence referenced in Banuelos's May 2017 letter to the court does not give rise to a fair and just reason for plea withdrawal.

¶18     Finally, we address Banuelos's overarching argument that his trial counsel was deficient in not moving for plea withdrawal because there were fair

and just reasons for plea withdrawal, counsel was aware of those reasons, and Banuelos repeatedly asked counsel to move for plea withdrawal. We already have discussed in detail why all of Banuelos's arguments in favor of plea withdrawal do not qualify as fair and just reasons warranting such relief. If counsel had moved for plea withdrawal on those grounds, the motion would have been without merit. "It is well [] established that an attorney's failure to pursue a meritless motion does not constitute deficient performance." **State v. Cummings**, 199 Wis. 2d 721, 747 n.10, 546 N.W.2d 406 (1996).

¶19    On the record before us, we conclude that the circuit court did not erroneously exercise its discretion when it denied Banuelos's postconviction motion for plea withdrawal based on ineffective assistance of counsel.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.